A. HIMMELMANN, Respondent, v. A. W. REAY et al., Appellants.

No. 1666; July 22, 1870.

**Street Assessment—Unknown Owners—Demand.**—Under the street law for San Francisco (Statutes of 1863, section 11, pages 529 and 530), when the lots upon which it is sought to establish a lien were assessed to unknown owners, the only demand necessary to be made, under the warrant of assessment, is a public demand on the premises assessed.

**Street Assessment.**—The Dollar Mark Placed Before the Amount in the footing of the assessment-roll sufficiently indicates the character of the figures of the several sums in the column above, if those sums appear with no such mark preceding them.

**Street Assessment.**—In an Action to Enforce a Street Assessment evidence in support of an averment of the answer that the

owners of the major part of the frontage duly undertook to do the work at the contract price but were prevented by the superintendent, is material and should be admitted.

APPEAL from Twelfth Judicial District, San Francisco County.

O. L. Lane for respondent; E. A. Lawrence for appellants.

See Himmelmann v. Reay, ante, p. 505; Himmelmann v. Reay, 38 Cal. 163.

TEMPLE, J.—Action for street assessment. The lots upon which it is sought to establish a lien by this action were assessed to unknown owners. In such cases the only demand necessary to be made under the warrant of assessment is a public demand on the premises assessed, and the return to the warrant shows that such demand was made in this case: Stats. 1863, p. 529, sec. 11.

The dollar mark is placed before the amount in the footing of the assessment-roll, and this sufficiently indicates the character of the figures, the amount of which is there stated.

The answer avers that the owners of the major part of the frontage of the lots of land liable to be assessed under the contract of the plaintiff, within five days after the publication of the award to plaintiff's assignor entered into a contract to do the whole of the said work at the price at which it had been awarded, and avers the execution of a written contract and a bond, as required by law, and that they commenced work and prosecuted the same with due diligence, until they were prevented by the superintendent and the plaintiff's assignor. On the trial evidence was introduced tending to establish these facts. After several witnesses had been examined, a motion was made to strike out their testimony; the ground of the motion is not stated in the transcript, and as there is no appearance on the part of the plaintiff in this court we are left in the dark as to the ground upon which this testimony was objected to. Evidence on the same points was introduced on the part of the plaintiff, and it seems to us a material question in the case; and its exclusion was error.

Judgment reversed and cause remanded for a new trial.

We concur: Sprague, J.; Wallace, J.; Rhodes, C. J.; Crockett, J.